UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| ANNA SATTERLEY, *as Next Friend and on behalf of A.A., a minor*, ) ) ) | |
| Plaintiff, ) | Civil Action No. 3:21-cv-00045-GFVT |
| ) ) | |
| v. ) ) | |
| ) | **MEMORANDUM OPINION** |
| FRANKFORT HOSPITAL, INC., *et al.*, ) ) | **&** |
| ) | **ORDER** |
| Defendants. ) | |

*** *** *** ***

This matter is before the Court on the United States' Motion to Dismiss. [R. 6.] For the reasons set forth below, the motion will be GRANTED.

**I**

On June 9, 2021, Anna Satterley, as Next Friend on behalf of A.A., a minor, sued Frankfort Hospital, Inc., Emily Dial, CNM, Mark Wainwright, DO, Angela Saxena, M.D., and Women's Care of the Bluegrass, PLLC, in Franklin County Circuit Court after A.A. suffered "severe, catastrophic, and permanent brain injuries" during delivery on November 28, 2018. [R. 1-1 at 9.] Ms. Satterley sued for vicarious liability against Frankfort Hospital and Women's Care of the Bluegrass and negligence against Emily Dial, CNM, Mark Wainwright, DO, and Angela Saxena, M.D. *Id.* at 15–20. The United States removed the case to the Eastern District of Kentucky on September 22, 2021. [R. 1.] Also on September 22, 2021, the United States filed a Motion to Substitute the United States in place of Women's Care of the Bluegrass, PLLC, Emily Dial, CNM, Mark Wainwright, DO, and Angela Saxena, MD, which was granted. [R. 4; R. 5.]

On October 6, 2021, the United States filed a Motion to Dismiss, arguing that Ms. Satterley had failed to exhaust her administrative remedies. [R. 6.] Furthermore, because the deadline to file her administrative claim in this matter had passed, the United States requested that the claims against the United States be dismissed with prejudice. [R. 6-1 at 7.] Ms. Satterley responded on October 27, arguing that while she had not exhausted her administrative remedies, this matter should be dismissed without prejudice and the Complaint against Frankfort Regional Medical Center should be remanded to the Franklin County Circuit Court. [R. 11.] The United States filed a reply on November 10. [R. 12.]

**II**

Because Plaintiffs are seeking damages for personal injury from a health center that is covered by the Federal Tort Claims Act, exhaustion of administrative remedies is required. The FTCA states that

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). This exhaustion requirement cannot be waived. *See, e.g.*, *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *Harris v. City of Cleveland*, 7 F. App'x 452, 458 (6th Cir. 2001) (finding "the FTCA requires a plaintiff to exhaust administrative remedies prior to instituting such a lawsuit") (citing § 2675(a)). "The plaintiff has the burden of demonstrating subject matter jurisdiction and of demonstrating that [s]he presented a claim to the

2

appropriate federal agency." *Fawcett v. United States*, 2014 WL 4183683, at *12 (N.D. Ohio Aug. 21, 2014) (citing *Harris*, 7 F. App'x at 458).

Here, there is no record that the Department for Health and Human Services received an administrative claim until September 7, 2021, which was approximately three months after this case was filed in Franklin County Circuit Court. This means that Ms. Satterley failed to "present[] the claim to the appropriate Federal agency" before filing her suit in court, which is grounds for dismissal. *See, e.g.*, *Young v. United States Dep't of Justice*, 2022 WL 983145, at *2 (E.D. Ky. Mar. 30, 2022) (finding under FTCA plaintiff's claim must be dismissed because there was no evidence he had filed his claim with "the appropriate Federal agency" before filing his claim in court); *Dragoiu v. HUD*, 2009 WL 6315343, at *2 (E.D. Mich. Sept. 15, 2009) (dismissing FTCA claim for failing to exhaust administrative remedies where plaintiff filed claim in federal court before "[t]he six-month period that the United States is given under section 2675(a) to dispose of a claim" had expired). Furthermore, Ms. Satterley admits to a failure to exhaust her administrative remedies. [R. 11 at 19.] The remaining question is whether this action should be dismissed against the United States with or without prejudice.

Twenty-Eight U.S.C. § 2401(b) requires a tort claim against the United States be filed "within two years after such claim accrues." Here, the United States argues that this action should be dismissed with prejudice because the claim submitted to the Department of Health and Human Services states that the "Date and Day of the Accident" was November 28, 2018, and the claim was not received by the Department until September 7, 2021. [R. 6-1 at 5.] Two years after the birth would have been November 28, 2020, which is long before this action was filed in court. However, Ms. Satterley argues that "[t]he Inquiry-Notice Rule determines when A.A.'s

Claim accrued" and applying that rule demonstrates that A.A.'s claim did not accrue until July 9, 2020. [R. 11 at 10, 13.]

Interestingly, given the significance of the term "accrue," neither the FTCA nor § 2401(b) defines it. However, in *United States v. Kubrick*, the Supreme Court established the Inquiry-Notice Rule, holding that in the medical malpractice context, a plaintiff's claim accrues when she "knows both the existence and the cause of [her] injury." 444 U.S. 111, 113 (1979). Although a tort claim generally accrues pursuant to 28 U.S.C. § 2401(b) "at the time of the plaintiff's injury…in medical-malpractice cases in which the plaintiff has little reason to suspect anything other than natural causes for his injury, a plaintiff might need to know, or have reason to know, of doctor-caused harm (though not necessarily *negligently* doctor-caused harm) in order for his claim to accrue." *Amburgey v. United States*, 733 F.3d 633, 637 (6th Cir. 2013) (quoting *Hertz v. United States*, 560 F.3d 616, 619 (6th Cir. 2009)) (emphasis in original). In the medical malpractice context, a plaintiff may "not know enough about the cause of injury to be on inquiry notice of a possible tort claim until long after the injury." *Id.*

Typically, district courts dismiss FTCA claims for failure to exhaust administrative remedies without prejudice. *See e.g.*, *Fawcett*, 2014 WL 4183683, at *12. However, if a plaintiff fails to make an administrative claim prior to filing suit and "the time to make such an administrative claim has now run [because] more than two years have passed since the Plaintiff's claim accrued," then "the tort claims are effectively dismissed with prejudice." *Pirolozzi v. Stanbro*, 2007 WL 4165160, at *2 (N.D. Ohio Nov. 19, 2007).

Because there is a legitimate question as to when this action accrued, the Court will dismiss this action without prejudice. Although the United States argues that the claim accrued on November 28, 2018, on the day of delivery [R. 6-1 at 5], Ms. Satterley disagrees. Under

4

*Kubrick*, the statute of limitations period would not begin to run until A.A.'s mother or Ms. Satterley (1) knew the existence and (2) knew the cause of A.A.'s injury. 444 U.S. at 113. Starting with the first *Kubrick* prong, it was not until December 30, 2019, that A.A. was diagnosed with spastic quadriplegic cerebral palsy, which demonstrated the severity and permanence of A.A.'s injuries. Up to that point, neither A.A.'s mother nor Ms. Satterley had been "given a prognosis of how A.A.'s injuries would permanently manifest." [R. 11 at 12.] Awareness of the permanency of a condition "is an important consideration in determining when the statutory period accrued under the FTCA." *See Harvey v. United States*, 2011 WL 4587450, at *3 (W.D. Ky. Sept. 30, 2011).

Under the second *Kubrick* prong, although A.A. was tested following delivery and her "cord blood results were abnormal," Dr. Wainwright, the doctor who performed the c-section, told A.A.'s mother that "A.A.'s respiratory distress and NICU treatment were caused from Ms. Anglin's fever which overheated the baby." [R. 11 at 6.] Medical records indicate that both A.A. and her mother tested positive for influenza. *Id.* A.A. received care after birth from Dr. Arpita Lakhotia, a doctor at Norton Children's Hospital. *Id.* at 7. Dr. Lakhotia also told A.A.'s mother that A.A.'s injuries were caused by the mother's fever and sepsis in the baby. *Id.*

Given Dr. Wainwright and Dr. Lakhotia's statements, it was reasonable for A.A.'s mother not to "suspect anything other than natural causes for [A.A.'s] injury" until well after the delivery. *Amburgey*, 733 F.3d at 637; *see also McDonald v. United States*, 843 F.2d 247, 248 (6th Cir. 1988) (finding "a patient may reasonably rely upon the assurances of a physician"). "Although accrual of the period should not wait until the plaintiff becomes aware his injury was negligent inflicted, once a plaintiff is aware of both the fact of injury and its cause, the two year statutory limitations period should begin." *Harvey*, 2011 WL 4587450, at *2 (citing *Kubrick*,

5

444 U.S. at 120, 123). Ms. Satterley argues that the claim did not accrue until A.A.'s mother was advised to seek legal counsel on July 9, 2020. [R. 11 at 13.] However, whether the accrual date was December 30, 2019, or July 9, 2020, the administrative claim was still submitted to the federal agency "within two years after such claim accrues." 28 U.S.C. § 2401(b). Therefore, the Court will dismiss the motion without prejudice.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The United States' Motion to Dismiss for Lack of Jurisdiction **[R. 6]** is **GRANTED**;

2. Plaintiff Anna Satterley's negligence and vicarious liability claims against the United States are **DISMISSED WITHOUT PREJUDICE**;

3. Plaintiff Anna Satterley's vicarious liability claims against Frankfort Hospital, Inc. are **REMANDED** to Franklin County Circuit Court; and

4. This matter is stricken from the Court's active docket.

This the 5th day of May, 2022.

Gregory F. Van Tatenhove
United States District Judge